■ BRENDA WIGGINS, an Infant, by SARAH WIGGINS, Her Guardian, et al., Respondents-Appellants, v. STATE OF NEW YORK et al., Appellants-Respondents. (Claim No. 50075.)— Cross appeals from a judgment in favor of claimant Brenda Wiggins, entered January 6, 1971, upon a decision of the Court of Claims. Claimant, an 18-year-old resident in the Manhattan Rehabilitation Center for drug addicts, was injured when her leg went through a locked glass door leading from a corridor to the elevators on the fifth floor of the institution. A few minutes earlier another resident had discovered a fire near the lounge area on this corridor and, during the considerable general confusion in the effort of 30 to 40 residents to vacate the locked corridor, claimant was injured. There was no evidence that the fire was of any substance although some smoke was visible. The trial court found the State negligent for failure to open the door immediately from the inside and awarded the claimant $7,500 damages. The record establishes that the State fulfilled its duty to claimant and there is no proof of any negligence on the part of the State that was a proximate cause of the injuries sustained by this claimant. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Staley, Jr., J. P., Greenblott, Simons and Kane, JJ., concur; Sweeney, J., dissents and votes to affirm in the following memorandum: I agree and vote to affirm. On this appeal claimant is entitled to the most favorable version of the evidence and any reasonable inferences that flow therefrom. The factual issues were for the court to resolve, and, if supported by evidence, we should not disturb them. The credibility of the witnesses was also for the trial court to assess. There is ample evidence in this record to substantiate the court's finding of negligence on the part of the State. As testified to by claimant Brenda Wiggins, the trial court could properly conclude that some 10 to 15 minutes elapsed between the time she first became aware of the fire and the time she sustained the injuries. The court could further conclude that no fire alarm was sounded until after claimant sustained her injuries and that such lapse of time was contrary to the established rules. The record also establishes, as testified to by claimant, that there were previous fires and the State should have reasonably foreseen the danger.